The President
delivered the opinion of the Court.*
The affidavits in this case, and the circumstances stated in the opinion of the counsel appointed by the Court, on the application of the pauper, present a case which certainly would have justified the Superior Court in making the order authorising the pauper to sue for his freedom, in pursuance of the act of Assembly. The Court, therefore, erred in refusing to make such order, and in dismissing the complaint of the pauper.
If this were an ordinary case, the difficulties which have been suggested as to the right of the plaintiff to appeal from such an order, might be insurmountable; as to which we *467 .give no opinion. But, in these pauper cases for freedom, this Court have not adhered strictly to rules applicable to other cases, nor to the letter of the act giving it jurisdiction. In a plain action of assault and battery, in which a penny damages were given, on a plea of not guilty, it has often decided on the right of the pauper to freedom, though that question was not involved in the pleadings. In the present ease, though the plaintiff might perhaps renew his application to sue for his freedom, on further proof, (as to which it is not necessai’y to give an opinion) yet, for all that appears, the judgment of the Superior Court may be final as regards his right to freedom; which, if not a franchise, is analogous to it, and ought to bring the case within the spirit of that clause of the act, which gives to the Court jurisdiction in cases in which a franchise is brought in question.
The judgment is therefore reversed, and the case; remanded for further proceedings, in which the Superior5 Court is to make the order permittng the plaintiff to sue in forma pauperis, according to the provisions of the act.

 Judge CoAiiTEit absent.